23-6099
*United States v. Abu Mezer*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> AMALYA L. KEARSE,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

      *Appellee,*

    v.                                 23-6099

GAZI IBRAHIM ABU MEZER, AKA AMIR,

      *Defendant-Appellant.*\*

---

For Appellee:                      DANA REHNQUIST (Jo Ann M. Navickas, *on the brief*), Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY.

---

\* The Clerk is respectfully directed to amend the caption.

For Defendant-Appellant:                    MICHAEL HUESTON (Richard J. Cardinale, *on the brief*), Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In July 1997, law enforcement officers disrupted a plot by Defendant-Appellant Gazi Ibrahim Abu Mezer ("Abu Mezer") to bomb New York City subway trains or transit hubs.   A jury convicted Abu Mezer of one count of conspiring to use a weapon of mass destruction and one count of threatening to use a weapon of mass destruction (collectively, "the WMD counts"), both in violation of 18 U.S.C. §§ 2332a(a)(2) and 2332a(c)(2), as well as one count of using a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1).   The district court (Raggi, *J.*) sentenced Abu Mezer to concurrent terms of life in prison on the WMD counts, and to a consecutive term of 30 years in prison on the firearms count.

After extensive appeals and motions, Abu Mezer now appeals from the district court's order and amended judgment, entered in January 2023, vacating under 28 U.S.C. § 2255 the § 924(c) count but denying a *de novo* resentencing on the other two counts.   On appeal, Abu Mezer argues that the amended judgment must be vacated and the case remanded for *de novo* resentencing because (1) *de novo* resentencing is mandatory notwithstanding this Court's decision in *United States v. Peña*, 58 F.4th 613 (2d Cir.), *cert. denied*, 144 S. Ct. 147 (2023), or, in the alternative, because (2) the district court abused its discretion in declining to resentence him *de novo*.   We affirm because *Peña* binds this panel and because the district court did not abuse its discretion in concluding that a *de novo* resentencing on the two remaining counts was unnecessary.

We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

\* \* \*

In *Peña*, we explained that "§ 2255's statutory text vests district courts with discretion . . . to decide whether or not to conduct a *de novo* resentencing" when vacating one count among multiple counts of conviction. 58 F.4th at 615. Abu Mezer argues that "*Peña* was wrongly decided." Abu Mezer Br. at 20. We are not convinced that this Court and several of our sister circuits erred in concluding that Section 2255 vacatur permits—but does not require—a plenary resentencing, and we note that Abu Mezer has not even responded to the Government's sister-circuit citations. Nor are we convinced that applying our *de novo* resentencing jurisprudence to the Section 2255 context would entail a *de novo* resentencing here.[1] In any event, we cannot depart from *Peña* absent *en banc* consideration or abrogation of our precedent by the Supreme Court. *See, e.g.*, *In re Zarnel*, 619 F.3d 156, 168 (2d Cir. 2010).

We also disagree with Abu Mezer that the district court abused its discretion in declining to resentence Abu Mezer *de novo*. *Peña* did not articulate the standard for when a district court abuses its discretion in denying *de novo* resentencing under Section 2255, and we do not resolve that question today. Instead, we continue to "eschew a bright line rule that *always* requires resentencing after vacatur of a conviction whenever the resentencing would not be strictly

---

[1] Indeed, our conclusion is not at odds with *United States v. Rigas*, 583 F.3d 108 (2d Cir. 2009), as Abu Mezer contends. *Rigas* expressly held that when an appellate court vacates only some of multiple counts of conviction, *de novo* resentencing is necessary when vacatur changes the "factual mosaic" related to the remaining counts. *See id.* at 119 ("If the court determines that the 'factual mosaic' related to a count of conviction has not been altered, no further proceeding as to that count is necessary, except to the extent it affects the aggregate sentence."). Abu Mezer does not demonstrate that the district court's vacatur of the firearms count—solely based on the circumscribed meaning of a crime of violence in 18 U.S.C. § 924(c)— suggests a change in the factual mosaic as to the other counts.

ministerial." *United States v. Orena*, 145 F.4th 304, 307 (2d Cir. 2025); *see also Kaziu v. United States*, 108 F.4th 86, 91 (2d Cir. 2024).

To be sure, as in *Kaziu*, where we held that a failure to resentence *de novo* was an abuse of discretion, "[t]he district court judge in this case, Judge Block, was not the original sentencing judge." 108 F.4th at 92. However, unlike in *Kaziu*, Abu Mezer has not "presented plausible allegations of changed circumstances that suggest that the original rationale underlying the sentence—that he was a committed and unredeemed terrorist—no longer applies." *Id.* at 93. Instead, Abu Mezer points to the fact that the Sentencing Guidelines are no longer mandatory. But even the advisory Sentencing Guidelines still provide for a life sentence. And Abu Mezer has not pointed to any record evidence that the Sentencing Guidelines, rather than the severity of the crime, entirely or even substantially informed the district court's original imposition of a life sentence on the WMD counts at the initial sentencing. *Cf. Orena*, 145 F.4th at 313 ("But the record doesn't support the suggestion that the Sentencing Guidelines were a driving force behind Orena's underlying sentence."). Indeed, at the initial sentencing, Judge Raggi calculated the Guidelines range but then independently determined that "[a] life sentence seems to be appropriate." Gov't App'x at 26. Her explanation was extensive:

> The crimes of conviction are extraordinarily serious. They involve a plan to use a weapon of mass destruction, which went so far as to result in the actual construction of a number of bombs designed and executed so as to wreak maximum human damage. That was apparent from the nails that were affixed to many of the bombs.
>
> Moreover, from all of the evidence that was adduced at trial, it appears that the police intervened literally hours before these bombs were to be placed on a New York City subway.
>
> I recognize that Mr. Abu Mezer takes the position that he did not intend to place them on a subway train, but he did testify that he intended to place them somewhere where he could kill as many Jews as possible. So wherever he intended to place them, the people of this city were literally hours away from having a terrorist attack carried out.

4

It was only through the efforts of the New York City Police Department that that was prevented and that the only two people injured in this entire scheme were the defendant and his friend, Mr. Khalil.

Such conduct is so violative of the public peace and safety as to warrant significant punishment in its own right and serious deterrence for anyone else who might be inclined to engage in that. . . .

Now, the thirty years additional is because Congress has decided that the possession of weapons during crimes of violence present such a tremendous risk and harm that there must be even more deterrence for that.

*Id.* at 25-26.    In other words, Judge Raggi imposed the life sentence not due to the Guidelines range but because of the severity of the crime.    She expressly analyzed the § 924(c) count separately from the WMD counts.    And even then, she returned to why a life sentence was appropriate after "serious thought and concern."    *Id.* at 26-28.

We conclude that, on the facts of this case, the district court did not abuse its discretion in determining that plenary resentencing was unnecessary because "the seriousness of the offense leads the Court to conclude that it would adhere to the original sentence."    App'x at 54.    In other words, the district court did not abuse its discretion in concluding that resentencing Abu Mezer anew on the WMD counts would be, practically speaking, "an empty formality" that would lead to the same sentence given the severity of Abu Mezer's conduct.    *Peña*, 58 F.4th at 623.

\* \* \*

We have considered Abu Mezer's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk